IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JOVANNY GUILAMO-ORTIZ and STEPHEN HUNTER, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEOPOLDOS PIZZA NAPOLETANA, INC., and FEDERICO GIMENEZ, Jointly and Severally,<br><br>Defendants. | Case No.:<br>3:19-cv-00008-TCB |

**AMENDED COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, Jovanny Guilamo-Ortiz and Stephen Hunter, pursuant to F.R.C.P. 15(b)(2), file this Amended Collective Action Complaint. This amended complaint serves to supersede and nullify the allegations in the initial complaint (Doc. 1). On behalf of themselves, and all those similarly situated, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1.  Defendants operate a restaurant called Leopoldo's Pizza Napoletana, Inc.

1

("Leopoldo's Pizza"), based out of Carrollton, Georgia.

2. Plaintiff Guilamo-Ortiz was employed as a cook and laborer for Defendants.

3. Plaintiff Hunter was employed as a kitchen manager for Defendants.

4. Plaintiffs were not paid overtime wages, despite working in excess of 40 hours per week throughout their employment.

5. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while

Plaintiffs performed work for Leopoldo's Pizza in Carrollton, Georgia, which is located in Carroll County. Therefore, venue is proper in the Newnan Division of the Northern District of Georgia.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

10. Plaintiff, Jovanny Guilamo-Ortiz, was at all relevant times, an adult individual residing at 218 Lovvorn Road., Carrollton, Georgia, 30117, which is in Carroll County.

11. Plaintiff, Stephen Hunter, was at all relevant times, an adult individual residing at 1711 Garden Wood Court, Atlanta, Georgia, 30349, which is in Fulton County.

**Defendants:**

12. Defendant Leopaldo's Pizza is an active Georgia corporation. Its principal place of business is 1210 Maple Street, Carrollton, Georgia, 30117, which is in Carroll County.

13. Upon information and belief, Defendant Federico Gimenez is an owner, officer, director and/or managing agent of Leopoldo's Pizza. Mr. Gimenez's address is unknown at this time.

14. Federico Gimenez (the "Individual Defendant") participated in the day-to-day operations of Leopoldo's Pizza, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Leopoldo's Pizza (the "Corporate Defendant").

15. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

16. At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

18. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they

operate a restaurant that obtains many of its food products, cooking equipment, and beverages, from various parts of the United States, and also sells alcoholic beverages such as beer, which has been produced in other states and moved in commerce, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

19.     At all relevant times, Defendants have been in the restaurant industry, specializing in pizza and other Italian delicacies, and also selling alcoholic beverages such as beer.

20.     Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

21.     Plaintiff Guilamo-Ortiz was employed by Defendants as a cook and laborer. Mr. Guilamo-Ortiz's job duties included: preparing salads, cooking pizza and other dishes, cutting food items, and cleaning the restaurant. Mr. Guilamo-Ortiz worked from May 1, 2018 to September 19, 2018 (20 weeks).

22.     Mr. Guilamo-Ortiz was paid a salary of $500 per week, and worked an average

of 54 hours each week.[1] Thus, his regular rate of pay is $9.26 per hour. Mr. Guilamo-Ortiz was paid straight-time for all hours worked, despite working well in excess of 40 hours per week. Mr. Guilamo-Ortiz was never compensated in overtime premium pay for the 14 hours worked passed the first 40 hours worked each week.

23. Every shift Mr. Guilamo-Ortiz worked was between 10-12 hours a day. His schedule would vary, in that sometimes he would begin work at 10 a.m. and sometimes he would begin at 4 p.m.

24. Plaintiff Hunter was employed by Defendants as a kitchen manager. He typically worked from 10 a.m. to 11 p.m., six days a week. Although the store opened at 11 a.m., Mr. Hunter would arrive an hour early at 10 a.m. to prepare for the restaurant to open. Mr. Hunter typically worked 65 hours each week.

25. Mr. Hunter's job duties included: cooking, cleaning the kitchen, stocking items, and managing the kitchen. Mr. Hunter would also spend about 10% of his time making employee schedules and training employees.

26. Mr. Hunter was subordinate to the general manager, who made the vast

---

[1] The regular rate of pay is determined by dividing the total compensation for a workweek by the total hours worked for that week. See 29 CFR 778.109 (regular rate).

majority of the management decisions and also approved and disapproved of Mr. Hunter's managerial actions.

27. Mr. Hunter was a kitchen manager from January 15, 2017 to October 15, 2017 (39 weeks).

28. Mr. Hunter was paid a salary of $750 per week, and worked an average of 65 hours each week (excluding lunch breaks). Thus, his regular rate of pay is $11.54 per hour.

29. Mr. Hunter has been misclassified as an exempt worker and should have been paid overtime premium wages, as he spent almost 90% of his time performing non-exempt job duties such as cooking and cleaning.

30. Plaintiffs were paid in cash throughout their employment, and never received any checks or paystubs, in an apparent attempt to hide the illegal pay practices described in this complaint.

31. This failure to pay overtime premium wages to these hourly employees can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

32.     Mr. Guilamo-Ortiz worked an average of 54 hours per week, which includes 40 regular hours and 14 overtime hours. Mr. Guilamo-Ortiz was paid straight-time for all hours worked. His average hourly rate of pay was $9.26 per hour, so his "half-time rate" is $4.63 per hour, for the purposes of computing overtime.[2] 14 overtime hours multiplied by $4.63 half-time rate, equals $64.82 unpaid overtime premium per week. Mr. Guilamo-Ortiz worked from May 1, 2018 to September 19, 2018 (20 weeks). 20 weeks multiplied by $64.82 unpaid overtime per week, equals $1,296.40 in unpaid overtime premium wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $1,296.40 plus $1,296.40, which equals $2,592.80.

33.     Therefore, Plaintiff Guilamo-Ortiz is owed $2,592.80.

34.     Mr. Hunter worked 65 hours per week, which includes 40 regular hours and 25 overtime hours. Mr. Hunter was paid straight-time for all hours worked. His average hourly rate of pay was $11.54 per hour, so his "half-time rate" is $5.77 per hour, for the purposes of computing overtime. 25 overtime hours multiplied by $5.77 half-times-rate, equals $144.25 unpaid overtime premium per week. The relevant

---

[2] The half-time rate is determined by dividing the regular rate of pay by 2.

dates of employment for Mr. Hunter under the FLSA is from January 15, 2017 to October 15, 2017 (39 weeks). 39 weeks multiplied by $144.25 unpaid overtime per week, equals $5,625.75 in unpaid overtime premium wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $5,625.75 plus $5,625.75, which equals $11,251.50.

35. Therefore, Plaintiff Hunter is owed $11,251.50.

36. Plaintiff Guilamo-Ortiz $2,592.80, plus Plaintiff Hunter $11,251.50, equals **$13,843.80.**

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants, at any time since January 21, 2016, and through the entry of judgment in this case (the "Collective Action Period") either who worked as a cooks, laborers, dishwashers, waiters, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

38. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected

9

to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

39. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time.

40.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

41. Plaintiffs, on behalf of themselves, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. As a result of Defendants' failure to compensate its employees, including Plaintiffs and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective

Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

43. Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. The failure to pay overtime has caused Plaintiffs to suffer lost wages and interest thereon. Plaintiffs and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: February 1, 2019

Respectfully submitted,

s/ Brandon A. Thomas
BRANDON A. THOMAS
GA BAR NO.: 742344
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of Court via the CM/ECF system, and have served the Defendants with a copy via U.S. Mail.

Respectfully submitted,

**s/ Brandon A. Thomas**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com

13