**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **JOVANNY GUILAMO-ORTIZ and STEPHEN HUNTER, Individually and on Behalf of All Those Similarly Situated,** ) ) ) | |
| ) | **Case No.:** |
| **Plaintiffs,** ) | **3:19-cv-00008-TCB** |
| ) | |
| **v.** ) | |
| ) | |
| **LEOPOLDOS PIZZA NAPOLETANA, INC., and FEDERICO GIMENEZ, Jointly and Severally,** ) ) | |
| ) | |
| **Defendants.** ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

COMES NOW, Plaintiffs, jointly with Defendants (hereinafter "The Parties"), who hereby request that the Court approve the Settlement Agreement in this case involving Fair Labor Standards Act claims, and dismiss this lawsuit with prejudice. In support of this motion, counsel shows the following:

1. On January 21, 2019, Plaintiffs filed their Complaint (Doc. 1) against Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C.

Section 201, et seq. ("FLSA").

2. The Parties have subsequently reached a global settlement of all claims raised in this lawsuit. A copy of the Settlement Agreement is attached to this filing as an exhibit.[1]

3. Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In instances involving the necessity of court approval, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353; but see Mackenzie v. Kindred Hosps. E.,L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims . . . [t]here is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

---

[1] See Exhibit 1 – Settlement Agreement.

4. The Parties have jointly stipulated that the agreement reached encompasses full relief sought under the FLSA, including all unpaid wages, liquidated damages, attorney's fees, and costs. [2] No compromise of Plaintiff's claims has occurred in this settlement.

5. Therefore, The Parties respectfully request that this Court approve the attached settlement agreement, and dismiss this lawsuit with prejudice.

Dated: August 30, 2019

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
GA Bar No. 742344
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@brandonthomaslaw.com
*Counsel for Plaintiff*

**s/ Alyssa K. Peters**
**ALYSSA K. PETERS**
GA Bar No. 455211
Constangy, Brooks, Smith & Prophete, LLP

---

[2] See Id., p. 3, para. 5.

577 Mulberry Street, Suite 710
Macon, GA 31201
Tel: (478) 750-8600
Fax: (478) 750-8686
apeters@constangy.com
*Counsel for Defendants*

4