# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between JOVANNY GUILAMO-ORTIZ, STEPHEN HUNTER (the "Named Plaintiffs"), and ROBERT SAKULANDA (the "Opt-in Plaintiff"), who are collectively referred to as "Plaintiffs", on the one hand, and LEOPOLDOS PIZZA NAPOLETANA, INC. and FEDERICO GIMENEZ, who are collectively referred to as "Defendants", on the other hand. Together, Plaintiffs and Defendants are referred to as the "Parties."

## RECITALS

WHEREAS, on January 21, 2019, the Named Plaintiffs filed a Complaint against Defendants, Guilamo-Ortiz et al. v. Leopoldo's Pizza Napoletana, Inc. et al., Case No. 3:19-cv-00008-TCB, in the U.S. District Court for the Northern District of Georgia (hereinafter, the "Litigation");

WHEREAS, Plaintiffs' Complaint alleges that Defendants failed to pay Plaintiffs and similarly situated individuals proper overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, the Opt-in Plaintiff entered into the Litigation by filing consent forms, and claimed he were not paid overtime wages for all hours worked, and that he was similarly situated to the Named Plaintiffs.

WHEREAS, at all times, Defendants have vigorously denied, and continue to deny, any wrongdoing in connection with the claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

**1. Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendants shall pay Plaintiffs and their counsel a total gross sum of **$9,152.54** (the "Settlement Payment"), consisting of a gross amount of $5,152.00 to the class of Plaintiffs, and $4,000.00 in attorney's fees and costs. The payments are to be made as follows: $1,836.00 to Jovanny Guilamo-Ortiz; $3,040.48 to Stephen Hunter; $276.06 to Robert Sakulanda; and $4,000.00 to be paid to Plaintiffs' counsel, Brandon A. Thomas.

Each Plaintiff will receive **two checks**, as follows: Jovonny Guilamo-Ortiz will receive one check for $918.00 with appropriate withholdings withheld, and another check for $918.00 as liquidated damages with no taxes withheld. Stephen Hunter will receive one check as wages for $1,520.24 with appropriate withholdings withheld, and another check for $1,520.24 as liquidated damages with no taxes withheld. Robert Sakulanda will receive one check as wages for $138.03 with appropriate withholdings withhold and another check for $138.03 with no taxes withheld.

2. **Timing of Payment.** The Settlement Payment in paragraph 1 of this Settlement Agreement, will be paid within ten (10) business days after the occurrence of all of the following events: (1) the Parties execute this Agreement; (2) the Court approves this Agreement and dismisses the Litigation with prejudice; and (3) Defendants' counsel receives the executed W-9s from Plaintiffs and their counsel.

All payments will be mailed to Plaintiffs' counsel: Brandon A. Thomas, The Law Offices of Brandon A. Thomas, PC, 1 Glenlake Parkway, Suite 650, Atlanta, GA 30328. Plaintiffs' counsel will be solely responsible for disbursing the settlement payments to Plaintiffs.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither the Parties nor their attorney(s) will seek any additional award of attorneys' fees, costs, or other monies from the other Party.

3. **Taxes.** Plaintiffs shall be solely responsible for, and are legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiffs agree to indemnify and hold Defendants harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment. Defendants do not make any warranty or representation to Plaintiffs or their counsel regarding the tax consequences of the Settlement Payment.

4. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that within five (5) business days after all Parties have executed this Agreement, Plaintiffs shall file a Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order). Such Motion shall seek judicial approval of the Agreement and dismissal with prejudice of all of Plaintiffs' claims against Defendants. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of the Litigation. The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiffs' and counsel's right to the Settlement Payment.

5. **Mutual Release.** Except for the pending case of Stephen Hunter described in paragraph 6 if this Settlement Agreement, the Parties hereby enter into the following mutual release:

In exchange for the consideration described herein, Plaintiffs, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, and Defendants, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, their insurers, and their subsidiary, parent, and successor companies, hereby unconditionally and irrevocably release and forever discharge each other of and from any claim of unpaid minimum wages, overtime wages, attorney's fees, liquidated damages, or any other relief under the FLSA related to Plaintiffs' employment with Defendants. For purposes of this Agreement, the "Effective Date" with respect to each Plaintiff shall be the date that each Plaintiff signs, and does not revoke, the Agreement.

6. **No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Litigation), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

The sole exception is Stephen Hunter, who has a pending tort case based on assault, with other related claims, pending against Federico Gimenez. For that case, Mr. Hunter is represented by attorney Ester Albert of the Law Office of W. Calvin Smith, II, P.C. This Settlement Agreement **will not** operate to waive Mr. Hunter's pending case against Mr. Gimenez or any related entities.

7. **Covenant Not to Sue.** A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It is different than the general releases contained in Paragraph No. 5 above. Plaintiffs agree not to sue Defendants, their heirs, successors, agents, and all other related persons or entities, their insurer(s), their former, current, and future related companies, divisions, subsidiaries, affiliates, and parents, as well as its former, current, and future, directors, officers, members, employees, agents, and representatives (collectively, "Released Parties") in any forum for any claim covered by the waivers and releases of Paragraph No. 5. If any Plaintiff violates this Agreement by suing the Released Parties, he shall be liable for reasonable attorneys' fees and other litigation costs incurred in defending such a lawsuit. This Paragraph shall not apply if any Plaintiff sues to enforce the terms of this Agreement or for a breach of this Agreement.

8. **Rights and Claims Excluded from Waivers and Releases.** This Agreement does not waive any rights that cannot be waived by law. Similarly, Plaintiffs are waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency pertaining to their employment or independent contractor relationship with Defendants. Stephen Hunter's pending claim, as referenced in paragraph 6 of this Agreement, is not waived or released by this Settlement Agreement.

9. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of

liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious or unlawful activity. Defendants specifically disclaim and deny any liability to Plaintiffs or that they engaged in any wrongful, tortious or unlawful activity.

10. **Non-Disparagement.** Plaintiffs agree that, unless required to do so by legal process, they will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Defendants or any of the Defendants' directors, officers, employees, agents or representatives.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates. This paragraph includes, but is not limited to, communications made on social media—such as Facebook, Instagram, LinkedIn, Twitter, and similar websites and applications.

11. **Full Payment for Work Performed.** Plaintiffs acknowledge that, with the payments set forth in this Agreement, they have been fully compensated by Defendants for all unpaid wages for hours allegedly worked, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees, costs, and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants.

12. **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph Nos. 5 and 7 above, but not a Party, are third-party beneficiaries of this Agreement.

13. **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

14. **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

15. **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

16. **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

17. **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

18. **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19. **Drafting.** The Parties acknowledge that they have jointly agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

20. **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its or his behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

21. **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Additionally, the Parties jointly agree that electronic signatures of the Settlement Agreement will be acceptable just as though it were an original signature. See Sellers v. Sage Software, Inc., WL 5631106, 4-5 (N.D. Ga. 2018) (allowing electronic signatures of consent forms in FLSA case upon the Parties' mutual consent); See also 15 U.S.C. Section 7001(a) (a signature cannot be denied legal effect solely because it is in electronic form).

22. **Enforcement of Settlement Agreement.** If any of the Parties fail to meet the obligations of this Settlement Agreement, and an action in court becomes necessary to

enforce the terms of this settlement, the breaching party agrees to reimburse and indemnify the other party for their associated attorney's fees and costs.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND**

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **JOVANNY GUILAMO-ORTIZ** | **LEOPOLDOS PIZZA NAPOLETANA, INC.** |
| Signature: _____ | Signature: _[signed]_ |
| Date: _____ | By (Print): Federico Gimenez |
|  | Title: 08/28/19 |
| **STEPHEN HUNTER** | Date: CEO |
| Signature: _____ |  |
| Date: _____ |  |
|  | **FEDERICO GIMENEZ** |
| **ROBERT SAKULANDA** | Signature: _[signed]_ |
| Signature: _____ | Date: 08/28/19 |
| Date: _____ |  |

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **JOVANNY GUILAMO-ORTIZ** | **LEOPOLDOS PIZZA NAPOLETANA, INC.** |
| Signature: *[signed]* | Signature: _____ |
| Date: August 28, 2019 | By (Print): _____ |
| | Title: _____ |
| **STEPHEN HUNTER** | Date: _____ |
| Signature: *[signed]* | |
| Date: August 28, 2019 | **FEDERICO GIMENEZ** |
| | Signature: _____ |
| **ROBERT SAKULANDA** | Date: _____ |
| Signature: *[signed]* | |
| Date: August 30, 2019 | |